## LAUTER & SUTER CO. v. HILDRETH.

### (Circuit Court of Appeals, Fourth Circuit. November 9, 1914.)

### No. 1257.

1. PATENTS ⬦328—VALIDITY AND INFRINGEMENT—CANDY PULLING MACHINE.
    The Dickinson patent, No. 831,501, and the Jenner patent, No. 804,726, both for candy-pulling machines, *held* not anticipated and valid. Claim 1 of the former and claims 7 and 8 of the latter also *held* infringed.

2. PATENTS ⬦174—CONSTRUCTION—IMPROVEMENT PATENTS.
    A patent for a machine, which is an improvement only, is not entitled to as broad construction as the patent for the original or basic machine.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 249; Dec. Dig. ⬦174.]

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit by Herbert L. Hildreth against the Lauter & Suter Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 208 Fed. 1005.

George W. Lindsay, of Baltimore, Md., and Hector T. Fenton, of Philadelphia, Pa. (R. B. Tippett & Son, of Baltimore, Md., on the brief), for appellant.

George P. Dike, of Boston, Mass. (MacLeod, Calver, Copeland & Dike, of Boston, Mass., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. [1] The reasoning of the District Judge, by which he reaches the conclusion that the defendant's candy-pulling

machine, operating under the Henry patent, is an infringement of the prior right of the complainant Hildreth, as assignee under the first claim of the Dickinson patent, leaves nothing to be added. While strong argument against it has been submitted, we think it remains unbroken.

It is necessary, however, to refer more at length to the finding by the District Court that the use of the Henry machine by the defendant is an infringement of the complainant's right as assignee under the seventh and eighth claims of the Jenner patent. The seventh and eighth claims of the Jenner patent are as follows:

"(7) A candy-pulling machine comprising a framing, a pin carried by the frame, and shafts supported by the framing on opposite sides of the pin and having crank-arms, and pins carried thereby and arranged to revolve around the pin of the frame, and means for driving the shaft substantially as set forth.

"(8) A candy-pulling machine having shafts provided with crank-arms and pins thereon and the framing supporting said shafts and having a pin around which the pins of the crank-arms revolve, substantially as set forth."

After noticing the admission that these claims may be read literally upon the Henry patent, the District Judge thus clearly shows the infringement:

"It is objected, however, that the actual machine shown and described in the drawings and specifications of the Jenner patent is different both from the Henry machine and from any machine from which the claims could be read. The machine shown in Jenner's drawings has three stationary and two revolving pins. In that machine the two which are movable revolve in the same direction. In a machine so constructed there must be more than one stationary pin if candy is to be pulled. But the specifications clearly say that if the movable pins are made to revolve in opposite directions the results will be at least equally good. When so made to revolve we have the Henry machine. It is a mere matter of detail, then, whether there is or is not more than one stationary pin. The seventh and eighth claims of the patent are not limited to a machine in which there is more than one stationary pin. The seventh and eighth claims of the Jenner patent seem to be valid and to be infringed by the Henry machine. That machine is doubtless an improvement (309) on the Jenner. If the owner of the Jenner patent were a different person from the owner of the Henry, the former would not be entitled to use the special features of construction which appears to be the only thing covered by the Henry patent, but that would give the proprietor of the latter no right to use the Jenner either with or without the addition of his own improvement."

This reasoning is in accord with the principle laid down in Paper Bag Patent Case, 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122.

It is insisted on appeal, however, that, assuming the correctness of the reasoning as to the priority of the Jenner patent over the Henry patent, yet the decree on this point should be reversed because Jenner's seventh and eighth claims were anticipated by Thibodeau's patent of August 11, 1903, under an application filed July 10, 1901.

[2] Having held that the Dickinson machine was the original invention on which all the other patents were founded, it must have, under the general rule, a broader construction than the others which could not claim to be anything more than improvements on Dickinson's invention by operating his device under better conditions. Miller v. Eagle Man-

ufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121; Bundy Mfg. Co. v. Detroit Time-Register Co., 94 Fed. 524, 36 C. C. A. 375.

Hence, although Thibodeau's invention had rotary pins or hooks which were horizontal, while those in the Dickinson machine were perpendicular and some of them stationary, yet Thibodeau's machine was an infringement, except as to his improvement. But Thibodeau's improvement could not have the broad construction as to equivalents allowed to an original inventor.

Jenner was junior to Thibodeau, and therefore, if there is no essential difference, the complainant could not have an injunction against the defendant under Jenner's seventh and eighth claims, while Thibodeau's senior right was outstanding. The main difference asserted by complainant's counsel is that in Thibodeau's machine the hooks move and revolve, while in the Jenner machine some of the hooks or pins are stationary. We think this difference clearly appears from the claims filed in the patent office, though it is earnestly contended by counsel for defendant that the seventh and eighth claims of Jenner do not show stationary pins or hooks.

The description of a pin in the frame and shafts with crank-arms revolving around the pin in the frame clearly implies that the pin was stationary. Indeed, this difference was admitted in the printed brief filed by counsel for defendant and was recognized and acted upon by the patent office.

Affirmed.